FILED IN CHAMBERS
U.S.D.C. Atlanta

JUL 10 2007

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

DIONNE E. BEVERLY,



FLEMING M. DANIELS
a/k/a Curtis Brown
a/k/a Paul Jackson
a/k/a Shameer Moore
a/k/a Ill,
RAMON D. DOBSON
a/k/a Knowledge,
LAMAR K. FIELDS
a/k/a Romeo Fields
a/k/a Juice,



VICTOR D. HAMMONDS
a/k/a Country,



JAMAL S. MITCHELL,
FRANKLIN R. NASH
a/k/a Big Tone,
DERREK Q. PITTS
a/k/a Mark Johnson
a/k/a Patrick Jackson
a/k/a Killer,



DARRYL C. TAYLOR
a/k/a Poppa

CRIMINAL INDICTMENT

NO. 1:07-CR-233

THE GRAND JURY CHARGES THAT:

COUNT ONE

1. Beginning on a date unknown to the Grand Jury, but at least in or before May 2002, and continuing to the date of this indictment, in the Northern District of Georgia and elsewhere, the defendants, DIONNE E. BEVERLY, [redacted] FLEMING M. DANIELS a/k/a Curtis Brown a/k/a Paul Jackson a/k/a Shameer Moore a/k/a Ill, RAMON D. DOBSON a/k/a Knowledge, LAMAR K. FIELDS a/k/a Romeo Fields a/k/a Juice, [redacted] VICTOR D. HAMMONDS a/k/a Country, [redacted] JAMAL S. MITCHELL, FRANKLIN R. NASH a/k/a Big Tone, DERREK Q. PITTS a/k/a Mark Johnson a/k/a Patrick Jackson a/k/a Killer, [redacted] and DARRYL C. TAYLOR a/k/a Poppa (hereinafter "DEFENDANTS") did knowingly combine, conspire, confederate, agree and have a tacit understanding with each other, with R.A. a/k/a Uncle Bob, E.B. a/k/a Slim, A.B. a/k/a A.R., J.C., D.F. a/k/a Baby, G.H. a/k/a Gino, K.H. a/k/a Buns, B.J., W.M. a/k/a B.I. a/k/a Doc, S.M., C.P., K.S. a/k/a Philip Woodson, M.W. a/k/a Swift, and J.W. a/k/a B.K., all unindicted herein, and with others known and unknown to the Grand Jury, to commit violations of Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally possess with the

intent to distribute cocaine, a Schedule II controlled substance, said conspiracy involving at least five (5) kilograms of a mixture and substance containing cocaine, all in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(ii).

2. It was a part of the drug distribution conspiracy that DEFENDANTS were members or associates of the criminal enterprise known as the Black Mafia Family (BMF). The cocaine possessed and distributed in this conspiracy came from the most senior members of BMF, who are not indicted herein. It was only by way of their membership in BMF or association therewith that DEFENDANTS were able to gain access to the cocaine that was distributed as part of this conspiracy.

3. It was a further part of the drug distribution conspiracy that one or more of the DEFENDANTS would fraudulently obtain driver's licenses, in particular from the State of Tennessee, in an effort to conceal their true identities. Upon payment, an individual working for the State of Tennessee knowingly provided the Tennessee licenses to the DEFENDANTS. DEFENDANTS would frequently present these fraudulently-obtained driver's licenses in encounters with law enforcement.

4. It was also a part of the drug distribution conspiracy that one or more of the DEFENDANTS would possess and transport large sums of U.S. currency that represented the proceeds from the sale and distribution of cocaine.

5. It was additionally a part of the drug distribution

conspiracy that one or more of the DEFENDANTS would use vehicles equipped with "traps" (hidden compartments) designed to conceal drugs and drug proceeds while they are transported.

All in violation of 21 U.S.C. Sections 846, 841(a)(1) and 841(b)(1)(A)(ii).

COUNT TWO

On or about early September, 2003, in the Northern District of Georgia, defendants RAMON D. DOBSON a/k/a Knowledge, LAMAR K. FIELDS a/k/a Romeo Fields a/k/a Juice, and [redacted] aided and abetted by W.M. a/k/a B.I. a/k/a Doc, unindicted herein, did knowingly and intentionally possess with the intent to distribute at least five (5) kilograms of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

COUNT THREE

On or about September 25 or 26, 2003, in the Northern District of Georgia, defendant RAMON D. DOBSON a/k/a Knowledge, aided and abetted by K.H. a/k/a Buns, W.M. a/k/a B.I. a/k/a Doc and S.M., all unindicted herein, did knowingly and intentionally possess with the intent to distribute at least five (5) kilograms of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

COUNT FOUR

On or about October 9, 2003, in the Northern District of Georgia, defendants RAMON D. DOBSON a/k/a Knowledge and DERREK Q. PITTS a/k/a Mark Johnson a/k/a Patrick Jackson a/k/a Killer, aided and abetted by each other and by W.M. a/k/a B.I. a/k/a Doc and S.M., both unindicted herein, did knowingly and intentionally possess with the intent to distribute at least five (5) kilograms of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii) and Title 18, United States Code, Section 2.

COUNT FIVE

In or about the summer of 2004, in the Northern District of Georgia, defendant FLEMING M. DANIELS a/k/a Curtis Brown a/k/a Paul Jackson a/k/a Shameer Moore a/k/a Ill, aided and abetted by G.H. a/k/a Gino and T.F., both unindicted herein, did knowingly and intentionally possess with the intent to distribute at least five hundred (500) grams of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii).

COUNT SIX

In or about December 2004, in the Northern District of Georgia, defendant DARRYL C. TAYLOR a/k/a Poppa, aided and abetted by W.M. a/k/a B.I. a/k/a Doc and S.M., both unindicted herein, did knowingly and intentionally possess with the intent to distribute

at least five (5) kilograms of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

COUNT SEVEN

In or about April 2005, in the Northern District of Georgia, defendant DARRYL C. TAYLOR a/k/a Poppa, aided and abetted by W.M. a/k/a B.I. a/k/a Doc and S.M., both unindicted herein, did knowingly and intentionally possess with the intent to distribute at least five (5) kilograms of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii).

COUNT EIGHT



FORFEITURE PROVISION

1. This indictment charges defendants DIONNE E. BEVERLY,



FLEMING M. DANIELS a/k/a Curtis

Brown a/k/a Paul Jackson a/k/a Shameer Moore a/k/a Ill, RAMON D. DOBSON a/k/a Knowledge, LAMAR K. FIELDS a/k/a Romeo Fields a/k/a Juice, [redacted] VICTOR D. HAMMONDS a/k/a Country, [redacted] JAMAL S. MITCHELL, FRANKLIN R. NASH a/k/a Big Tone, DERREK Q. PITTS a/k/a Mark Johnson a/k/a Patrick Jackson a/k/a Killer, [redacted], and DARRYL C. TAYLOR a/k/a Poppa with violations of Title 21, United States Code, Sections 846 and 841(a)(1). Pursuant to Title 21, United States Code, Section 853, upon conviction of any of the above-listed crimes, such convicted defendant shall forfeit to the United States (1) any property constituting or derived from any proceeds the convicted defendant had obtained directly or indirectly as the result of the said violation, and (2) any or all property used or intended to be used, in any manner or part, to commit or facilitate the commission of the said violation.

2. If, as a result of any act or omission of the convicted defendants, any property subject to forfeiture

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. had been substantially diminished in value; or

e. has been commingled with other property which cannot be

subdivided without difficulty;

it is the intent of the United States pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property, as substitute assets.

A True BILL

FOREPERSON

DAVID E. NAHMIAS
UNITED STATES ATTORNEY

ROBERT C.I. McBURNEY
ASSISTANT UNITED STATES ATTORNEY
GA Bar No. 481070
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
V: 404-581-6000
F: 404-581-6181