# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

FILED IN OPEN COURT
U.S.D.C. - Atlanta
JUN -9 2008
JAMES N. HATTEN, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**CRIMINAL NO. 1:07-CR-233 (ODE)**

**BARIMA McKNIGHT, a/k/a Bleu DaVinci**, defendant, having received a copy of the above-numbered Indictment and having been arraigned, hereby pleads **GUILTY** to **COUNT ONE**, thereof. The Defendant, his counsel, and the United States Attorney for the Northern District of Georgia ("the Government"), as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

**1.**

The Defendant admits that he is pleading guilty because he is in fact guilty of the crime charged in Count ONE of the Indictment.

**2.**

## WAIVER OF RIGHTS

The Defendant understands that by pleading guilty, he is giving up the right to plead not guilty and the right to be tried by a jury. At a trial, the Defendant would have the right to an attorney, and if the Defendant could not afford an attorney, the Court would appoint one to represent the Defendant. During the trial, the Defendant would be presumed innocent and the Government would have the burden of proving him guilty beyond a reasonable doubt. The Defendant would have the right to

confront and cross-examine the witnesses against him. If the Defendant wished, he could testify on his own behalf and present evidence in his defense, and he could subpoena witnesses to testify on his behalf. If, however, the Defendant did not wish to testify, that fact could not be used against him. If the Defendant were found guilty after a trial, he would have the right to appeal the conviction. The Defendant understands that by pleading guilty, he is giving up all of these rights and there will not be a trial of any kind. The Defendant also understands that he ordinarily would have the right to appeal his sentence and, under some circumstances, to attack the sentence in post-conviction proceedings. By entering this Plea Agreement, the Defendant may be waiving some or all of those rights to appeal or collaterally attack his sentence, as specified below. Finally, the Defendant understands that, to plead guilty, he may have to answer questions posed to him by the Court concerning the rights that he is giving up and the facts of this case, and the Defendant's answers, if untruthful, may later be used against him in a prosecution for perjury or false statements.

**3.**

**MANDATORY MINIMUMS AND MAXIMUMS**

The Defendant understands that, based on his plea of guilty, he will be subject to the following maximum and mandatory minimum penalties:

Count One:
(a) Maximum term of imprisonment: LIFE
(b) Mandatory minimum term of imprisonment: TEN (10)
(c) Term of supervised release: FIVE (5) years to LIFE
(d) Maximum fine: $4,000,000
(e) Mandatory special assessment: $100

The Defendant understands that, before imposing sentence in this case, the Court will

be required to consider, among other factors, the provisions of the United States Sentencing Guidelines. Ultimately, it is within the Court's discretion to impose a sentence up to and including the statutory maximum. The Defendant also understands that no one can predict his exact sentence at this time.

4.

## ACCEPTANCE OF RESPONSIBILITY

The Government will recommend that the Defendant receive the two-level adjustment for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, and the additional one-level adjustment if the offense level is 16 or higher. However, the Government will not be required to recommend acceptance of responsibility if, after entering this Plea Agreement, the Defendant engages in conduct inconsistent with accepting responsibility. Thus, by way of example only, should the Defendant falsely deny or falsely attempt to minimize his involvement in relevant offense conduct, give conflicting statements about his involvement, fail to pay the special assessment, or participate in additional criminal conduct, including unlawful personal use of a controlled substance, the Government will not be required to recommend acceptance of responsibility.

5.

## SAFETY VALVE

Based upon the information currently known to the Government, the Government agrees to recommend that the Defendant's offense level be decreased by 2 levels pursuant to Sections 2D1.1(b)(9) and 5C1.2 of the Sentencing Guidelines. However, if the Government determines that the Defendant has failed to comply with Section 5C1.2(a)(5), the Government will not be required to make this recommendation. In addition, the Defendant understands that the District Court will

determine whether he meets each of the criteria set forth in Sections 2D1.1(b)(9) and 5C1.2, and if the District Court determines that the Defendant fails to meet any of those criteria, the Government will not be required to make this recommendation.

6.

## RESTITUTION & FINES

The Defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court for eventual disbursement to the appropriate account and/or victim(s). The Defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the Defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, he agrees that the custodial agency and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The Defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, the Defendant and his counsel agree that Government officials may contact the Defendant regarding the collection of any fine and/or restitution without notifying and outside the presence of his counsel.

7.

## STATEMENT OF FACTS & RECOMMENDATION

The Government agrees to recommend that the Defendant be sentenced at the lower third of the applicable sentencing guideline range. However, the Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law.

Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations regarding application of the Sentencing Guidelines.

## 8.

## **FORFEITURE**

The Defendant agrees that he shall immediately forfeit to the United States any and all interests in any and all property used, and intended to be used, in any manner or part, to commit and facilitate the commission of the offense in this Indictment to which the Defendant is pleading guilty. The Defendant acknowledges that each asset covered by this agreement is subject to forfeiture pursuant to 21 U.S.C. § 853 as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation. The Defendant acknowledges and hereby waives and abandons all interest in the above-described assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, and the Defendant further agrees that the forfeiture shall be accomplished either administratively or judicially at the Government's option. The Defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, collateral attack, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

## 12.

If the Government elects to proceed administratively, the Defendant hereby consents to the entry of a declaration of forfeiture and waives the requirements of 18 U.S.C. § 983 regarding notice of seizure in non-judicial forfeiture matters. The Defendant acknowledges that assets (listed or unlisted in this agreement) may have

been forfeited administratively prior to the execution of this agreement, and the Defendant hereby waives any interest in such assets; all constitutional, legal, and equitable claims to such assets; and all defenses to the forfeiture of such assets in any proceeding, including proper notice, timeliness of the notice, innocent ownership, defenses arising in connection with any provision of 18 U.S.C. § 983, and excessive fines.

**13.**

If the Government elects to proceed judicially against any asset, by entering into this Plea Agreement, the Defendant authorizes the Court to immediately enter a preliminary order of forfeiture against all property described by this agreement, and waives the requirements of Federal Rules of Criminal Procedure 7, 11, 32.2, 41, and 43 as they apply in any manner to any forfeiture issue. If the forfeiture is to be accomplished in a parallel civil action, the Defendant authorizes the court to enter a civil Judgment and Order of Forfeiture without further notice to him and waives all defenses to forfeiture as described above, including, the requirements of 18 U.S.C. §§ 983 and 985, Rule 4 of the Federal Rules of Civil Procedure, and Supplemental Rule G(4), regarding notice of seizure in judicial forfeiture matters.

**14.**

The Defendant acknowledges that he is not entitled to use forfeited assets to satisfy any tax obligations, fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

**15.**

The Defendant warrants that he has not transferred, conveyed, or encumbered his interest in any of the assets described in paragraph 8, above. The Defendant agrees to hold all law enforcement agents and the United States, its agents, and its

employees harmless from any claims whatsoever arising in connection with the seizure or forfeiture of any asset covered by this agreement.

**16.**

The Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets described in paragraph 8, above. The Defendant freely, voluntarily, knowingly and intelligently waives all constitutional, legal, and equitable defenses to forfeiture of assets described by this Plea Agreement.

**17.**

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, or cost of imprisonment.

**18.**

## RIGHT TO MODIFY RECOMMENDATION

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in this Plea Agreement, the Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

**19.**

## SPECIAL ASSESSMENT

The Defendant agrees that, within 30 days of the guilty plea, he will pay a special assessment in the amount of $100 by money order or certified check made

payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The Defendant agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

### 20.

### LIMITED WAIVER OF APPEAL

To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding, including a § 2255, on any ground, except that the Defendant may file a direct appeal of a sentence higher than the otherwise applicable advisory sentencing guideline range. The Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the Defendant may also file a direct appeal of his sentence.

### 21.

### DNA EVIDENCE

The parties agree that no biological evidence (as defined in 18 USC § 3600A) has been identified in this case; therefore, the Defendant understands and agrees that no evidence will be preserved for DNA testing.

### 22.

### FOIA WAIVER

The Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of

Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### 23.

### **VIOLATION OF PLEA AGREEMENT**

If the Defendant fails in any way to fulfill each one of his obligations under this Plea Agreement, the Government may elect to be released from its commitments under this Plea Agreement. The Government may then prosecute the Defendant for any and all federal crimes that he has committed related to this case, including any charges dismissed pursuant to this Plea Agreement, and may recommend to the Court any sentence for such crimes up to and including the maximum sentence. The Defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution, except to the extent that such a defense exists as of the date he signs this Plea Agreement. In addition, the Defendant agrees that, in such a prosecution, all admissions and other information that he has provided at any time, including all statements he has made and all evidence he has produced during proffers, interviews, testimony, and otherwise, may be used against him, regardless of any constitutional provision, statute, rule, or agreement to the contrary. Finally, the Defendant understands that his violation of the terms of this Plea Agreement would not entitle him to withdraw his guilty plea in this case.

### 24.

### **NON-BINDING**

The Defendant understands and agrees that the recommendations of the Government incorporated within this Plea Agreement or otherwise discussed between the parties are not binding on the Court and that the Court's failure to accept one or more of the recommendations will not constitute grounds to withdraw his guilty plea

or to claim a breach of this Plea Agreement.

## 25.

## **COMPLETE AGREEMENT**

There are no other agreements, promises, representations, or understandings between the Defendant and the Government.

In Open Court this 5th day of June, 2008.

_____
SIGNATURE (Attorney for Defendant)
DAVID MACKUSICK

_____
SIGNATURE (Ass't U. S. Attorney)
CASSANDRA J. SCHANSMAN

_____
SIGNATURE (Approving Official)
WILLIAM H. THOMAS, JR.

_____
SIGNATURE (Defendant)
BARIMA McKNIGHT

_____
SIGNATURE (Ass't U. S. Attorney)
ROBERT McBURNEY

6/5/08
DATE

# Certification of Defendant and Attorney

United States v. BARIMA McKNIGHT, 1:07-CR-233 (ODE)

      I have read the Indictment against me and have discussed it with my attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict me at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with my attorney. I understand the terms and conditions contained in this Plea Agreement, and I voluntarily agree to them. I also have discussed with my attorney the rights I may have to appeal or challenge my sentence, and I understand that the appeal waiver contained in this Plea Agreement will prevent me, with the narrow exceptions stated, from appealing my sentence or challenging my sentence in any post-conviction proceeding. No one has threatened or forced me to plead guilty, and no promises or inducements have been made to me other than those discussed in this Plea Agreement. The discussions between my attorney and the Government toward reaching a negotiated plea in this case took place with my permission. I am fully satisfied with the representation provided to me by my attorney in this case.

_____      6/9/08
SIGNATURE (Defendant)      DATE
BARIMA McKNIGHT

      I am BARIMA McKNIGHT's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____      6/9/08
SIGNATURE (Defense Attorney)      DATE
DAVID MACKUSICK

INFORMATION BELOW MUST BE TYPED OR PRINTED

DAVID MACKUSICK  
NAME (Attorney for Defendant)

BARIMA McKNIGHT  
NAME (Defendant)

_____  
STREET

_____  
STREET

_____  
CITY & STATE   ZIP CODE

_____  
CITY & STATE   ZIP CODE

PHONE NUMBER _____

PHONE NUMBER _____

STATE BAR OF GEORGIA NUMBER _____

Filed in Open Court

_____

By _____

U. S. DEPARTMENT OF JUSTICE
Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
| --- | --- |
| CRIMINAL ACTION NO.: | 1:07-CR-233 (ODE) |
| DEFENDANT'S NAME: | BARIMA McKNIGHT |
| PAY THIS AMOUNT: | $100.00 |

INSTRUCTIONS:

1. PAYMENT MUST BE MADE BY **CERTIFIED CHECK** OR **MONEY ORDER** PAYABLE TO:

    CLERK OF COURT, U.S. DISTRICT COURT
    ***PERSONAL CHECKS WILL NOT BE ACCEPTED***

2. PAYMENT MUST REACH THE CLERK'S OFFICE WITHIN 30 DAYS OF THE ENTRY OF YOUR GUILTY PLEA

3. PAYMENT SHOULD BE SENT OR HAND DELIVERED TO:

    Clerk of Court, U.S. District Court
    2211 U.S. Courthouse
    75 Spring Street, S.W.
    Atlanta, Georgia 30303
    (Do not Send Cash)

4. INCLUDE DEFENDANT'S NAME ON **CERTIFIED CHECK** OR **MONEY ORDER**

5. ENCLOSE THIS COUPON TO INSURE PROPER AND PROMPT APPLICATION OF PAYMENT

6. PROVIDE PROOF OF PAYMENT TO THE ABOVE-SIGNED AUSA WITHIN 30 DAYS OF THE GUILTY PLEA